UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:                                          CHAPTER 11

**DELMAC, LLC**                                 CASE NO. 17-21848 (JJT)
    **Debtor-In-Possession**

**DELMAC, LLC**
    Movant

TAX COLLECTOR – TOWN OF GRISWOLD
GRISWOLD-CONNECTICUT ROUTE
NO. 164 DEVELOPMENT ASSOCIATES, LLC
LEE DAILY a/k/a LEE DALY and AL ZABBO
HITESH PATEL
HOMEOWNERS FINANCE CO.
STADIA ENGINEERING ASSOCIATES, INC.         MAY 23, 2018
    Secured Creditors/Respondents

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR
OF THE INTERESTS, CLAIMS AND LIENS OF THE RESPONDENTS**

Pursuant to 11 U.S.C. §.363(b) and (f) and Federal Rules of Bankruptcy Procedure 2002, 6004 and 9014(a) and (b), the Debtor-in-Possession, Delmac, LLC (the "Debtor"), by and through its undersigned counsel, hereby requests an order authorizing it to sell its real property free and clear of liens and encumbrances and respectfully represents as follows:

1. This Court has jurisdiction of this matter under 28 U.S.C. § 151 et seq., and 28 U.S.C. § 1334.

2. On December 4, 2017 (the "Filing Date"), the Debtor commenced these proceedings by filing a Chapter 11 bankruptcy proceeding in the District of Connecticut, at Hartford.

3. An asset of this estate is real property located at 134 Preston Road, Griswold, Connecticut (the "Property") as more particularly described in Exhibit A, attached hereto.

1

4. The Debtor wishes to sell the Property to Titan Commercial Development LLC ("Titan") for the sum of $900,000.00 pursuant to the terms of a Real Property Purchase and Sale Agreement dated November 30, 2017 (the "Agreement" (as amended from time to time). As more particularized in the Agreement, said purchase is part of a comprehensive real estate development transaction of which the Property is an integral part.

5. The liens and claims against the Property as they appear of record are as follows:

(a) Inchoate real estate tax lien in favor of the Town of Griswold in the principal amount of $6,165.34.

(b) Mortgage from Delmac, LLC to Michael F. Vocatura, Trustee of the Michael F. Vocatura Trust Agreement dated September 23, 1998 in the amount of $1,075,000.00 dated November 16, 2007 and recorded November 19, 2007 in Volume 308, Page 1162; assigned to Griswold - Connecticut Route No. 164 Development Associates, LLC by Assignment of Mortgage dated May 7, 2013 and recorded May 7, 2013 in Volume 348, Page 644 of the Griswold Land Records. (See Partial Release of 1.757 ac. dated March 1, 2010 and recorded March 4, 2010 in Volume 326, Page 663).

(c) Mortgage from Delmac, LLC and Gregory T. Mackin to Lee Daily a/k/a Lee Daly and Al Zabbo in the amount of $27,500.00 dated April 19, 2011 and recorded April 20, 2011 in Volume 334, Page 484 of the Griswold Land Records.

(d) Mortgage from Delmac, LLC to Hitesh Patel in the amount of $55,000.00 dated May 13, 2011 and recorded May 13, 2011 in Volume 334, Page 888 of the Griswold Land Records.

(e) Certificate of Attachment of Real Estate in favor of Homeowners Finance Co. and against Delmac, LLC in the amount of $170,000.00 dated March 18, 2013 and recorded March 18, 2013 in Volume 347, Page 402 of the Griswold Land Records.

(f) Judgment Lien in favor of Stadia Engineering Associates, Inc. and against Delmac, LLC in the amount of $37,500.00 dated October 11, 2013 and recorded October 15, 2013 in Volume 351, Page 943 of the Griswold Land Records.

6. On or about February 27, 2018, the Debtor and the first mortgage holder, Griswold-Connecticut Route No. 164 Development Associates, LLC, entered into a Stipulation which was attached to a Motion for Authority to Compromise Claims and for Approval of a Stipulation and Settlement Agreement By and Between Delmac, LLC and Griswold-Connecticut Route No. 164 Development Associates, LLC ("Griswold") (the "Compromise Motion") (ECF #50). Through the Compromise Motion and accompanying Stipulation, the Debtor and Griswold stipulated that the fair market value of the Property is $950,000.00. It was also stipulated that Griswold would be entitled to an unsecured claim in the amount of $901,735.84.

7. Sale of estate property other than in the ordinary course of business is governed by section 363(b)(1) of the Bankruptcy Code. Section 363(b)(1) provides, in relevant part, "the trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A court has discretion to approve a sale of assets pursuant to section 363(b) of the Bankruptcy Code if it finds a good business reason for the transaction. In re Chrysler LLC, 576 F.3d 108, 114 (2d Cir. 2009)(the "good business reason" requirement "balance[s] the competing concerns of efficiency against the safeguards of the Chapter 11 process."), *vacated as moot,* 130 S. Ct. 1015 (2009)(mem.); Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466-67 (2d Cir. 2007)(noting that the "good business reason" standard governs section 363(b) asset sales in this circuit, and upholding a sale for which the Bankruptcy Court identified a proper business justification); Licensing by Paolo, Inc. v. Sinatra (In re Gucci), 126 F.3d 380,

387 (2d Cir. 1997)(sale outside the ordinary course of business may occur if there is a good business reason to support such sale); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1066-1070 (2d Cir. 1983)(the court must present "some articulated business justification, other than appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business," and the policies underlying the Bankruptcy statute support allowing the court "considerable discretion"); In re GSC, Inc., 453 B.R. at 156 (a court has "considerable discretion" to approve any sale for which a good business reason exists).

8. Delmac represents that the sale of the Property to Titan for the sum of $900,000.00 is in the best interest of this estate and maximizes the value of this asset. Delmac does not believe that an auction sale would result in a recovery to the estate in excess of the proposed sale price and certainly a sale to another buyer would not be in the best interests of the creditor body of this estate. The current buyer proposes to pursue a project known as Medberry Landing in which it will develop one hundred and ten (110) senior assisted living units. The Debtor has been offered to do the site work improvements on the Property which will result in a future dividend being paid to the unsecured creditors of this estate. The Debtor believes that the sale of the Property to Titan is supported by good and sound business reasons.

9. Delmac seeks an Order of this Court authorizing it to sell the Property at a private sale to Titan, free and clear of the interests, claims and liens of the aforesaid Respondents, with said interests, claims and liens attaching to the proceeds of sale.

**WHEREFORE,** the Debtor, Delmac, LLC, prays for an Order of this Court permitting the sale of the estate's interest in the Property, free and clear of the interests, claims and liens of the Respondents, with said interests, claims and liens attaching to the proceeds of the sale and that it have all other relief as is just, proper and equitable.

Dated at Wethersfield, Connecticut, this 23rd day of May, 2018.

        THE DEBTOR
        DELMAC, LLC

        */s/ Ronald I. Chorches*
        Ronald I. Chorches / Fed. Bar No. ct08720
        Law Offices of Ronald I. Chorches, LLC
        449 Silas Deane Highway, 2nd Floor
        Wethersfield, Connecticut 06109
        Telephone:   (860) 563-3955
        Fax: (860) 513-1577
        Its Attorneys
        ronaldchorches@sbcglobal.net

# EXHIBIT A

A certain tract of land, with all buildings and improvements thereon, situated on the easterly side of the State Highway (Route 164) and the southerly side of land of the State of Connecticut (Connecticut Turnpike) in the Town of Griswold, State of Connecticut, as more specifically bounded and described as follows:

Being all that certain piece or parcel of land situated on the easterly side of Connecticut Route 164, also know as Preston Road, and the southerly side of Connecticut Route 630 in the Town of Griswold, County of New London and State of Connecticut, said parcel being more particularly bounded and described as follows:

Beginning at the intersection of the easterly line of Route No. 164 and the southerly line of land of the State of Connecticut, and running thence by the State land, first northeasterly about 185 feet, thence easterly about 200 feet, then northerly about 106.5 feet, then northeasterly about 595 feet to the land now or formerly of Walter and Sophie E. Mackin; thence by said Mackin land, first southeasterly about 730 feet, then southerly about 448 feet 8 inches, thence easterly about 296 feet 7 inches to land now or formerly of Richard and Lois Palmer; thence by said Palmer land, first southerly about 358 feet, then easterly about 166 feet to the northwesterly line of Barber Road; thence southwesterly by said Barber Road about 446 feet to land now or formerly of Yale and Selma Orenstein; thence westerly by said Orenstein land 1,361 feet to the southeasterly corner of land now or formerly of Clifford Bugbee; thence by said Bugbee land, first northerly about 475 feet, then westerly 483 feet to the easterly line of Route 164; thence by the easterly line of said Route 164, first northerly 300 feet, then easterly about 8 feet, and then northerly about 101 feet to the point of beginning.

Being all the same premises conveyed to Michael F. Vocatura by Warranty Deed of Anthony Vocatura, et al., dated September 26, 1967 and which is recorded in Volume 54 at Page 3 of the Town of Griswold Land Records, excepting that parcel conveyed by Michael F. Vocatura by Warranty Deed to the Slater Village Associates, Inc. dated August 14, 1987 and which is recorded in Volume 117 at Page 192 of the Town of Griswold Land Records.

The subject parcel is more specifically bounded and described as follows:

Beginning at the northwesterly corner of the herein described parcel at Connecticut Highway Department (CHD) monument recovered at the intersection of the easterly highway line of Connecticut Route No. 164, also known as Preston Road, and the southerly non-access highway line of Connecticut Route No. 630, said monument also being more particularly depicted on the herein referenced survey plan;

Thence running N 61° 55' 35" E along the southerly non-access highway line of said Connecticut Route No. 630 for a distance of 192.38 feet to a point, said point being the northwesterly corner of lands now or formerly of the State of Connecticut;

Thence running S 87° 06' 27" E along the southerly line of lands of said State of Connecticut for a distance of 193.57 feet to a point;

Thence running N 10° 33' 02" W along the easterly line of lands of said State of Connecticut for a distance of 104.45 feet to a point in the southerly non-access highway line of said Connecticut Route No. 630;

Thence running N 61° 55' 35" E along the southerly non-access highway line of said Connecticut Route No. 630 for a distance of 295.15 feet to a point, said point being the northwesterly corner of lands now or formerly of OSJ of Griswold, LLC and the northeasterly corner of the herein described parcel which is more particularly depicted on the herein referenced survey plan;

Thence running S 69° 21' 09" E along the westerly line of lands of said OSJ of Griswold, LLC for a distance of 886.93 feet to a point;

Thence running S 37° 12' 46" E along the westerly line of lands of said OSJ of Griswold, LLC for a distance of 252.11 feet to a point;

Thence running S 01° 05' 24" E along the westerly line of lands of said OSJ of Griswold, LLC for a distance of 247.27 feet to a point;

Thence running N 89° 34' 40" W along the northerly line of lands of OSJ of Griswold, LLC for a distance of 251.97 feet to a point, said point being more particularly depicted on the herein referenced survey plan;

Thence running N 88° 23' 19" W along the northerly line of lands of said OSJ of Griswold, LLC for a distance of 137.79 feet to a point;

Thence running S 88° 45' 09" W along the northerly line of lands of said OSJ of Griswold, LLC for a distance of 46.05 feet to a point, said point being more particularly depicted on the herein referenced survey plan;

Thence running S 16° 07' 00" E along the westerly line of lands of said OSJ of Griswold, LLC for a distance of 32.52 feet to a point;

Thence running S 67° [illegible] along the easterly line of lands of said OSJ of Griswold, LLC for a distance of 418.96 feet to a drill hole recovered in the centerline of a stonewall, said drill hole being the southwesterly corner of lands of said OSJ of Griswold, LLC and the southeasterly corner of the herein described parcel, which is more particularly depicted on the herein referenced survey plan;

Thence running S 86° 32' 51" W by and along the centerline of a stonewall and the northerly line of lands now or formerly of Barber Road Associates, LLC for a distance of 109.53 feet to a point;

Thence running S 87° 29' 52" W by and along the centerline of a stonewall and the northerly line of lands of said Barber Road Associates, LLC for a distance of 140.29 feet to a point;

Thence running S 88° 31' 25" W by and along the centerline of a stonewall and the northerly line of lands of said Barber Road Associates, LLC for a distance of 105.08 feet to a point;

Thence running N 89° 48' 15" W by and along the centerline of a stonewall and the northerly line of lands of said Barber Road Associates, LLC for a distance of 147.22 feet to a point;

Thence running S 88° 31' 05" W by and along the centerline of a stonewall and the northerly line of lands of said Barber Road Associates, LLC for a distance of 157.06 feet to a point;

Thence running N 88° 13' 31" W by and along the centerline of a stonewall and the northerly line of lands of said Barber Road Associates, LLC for a distance of 64.54 feet to a point;

Thence running N 81° 26' 05" W by and along the centerline of a stonewall and the northerly line of lands of said Barber Road Associates, LLC for a distance of 11.72 feet to a drill hole recovered at a stonewall intersection, said drill hole being the southeasterly corner of lands now or formerly of Teresa M. & Troy R. Chick which is more particularly depicted on the herein referenced survey plan;

Thence running N 04° 08' 19" W by and along the centerline of a stonewall and the easterly line of lands now or formerly of Teresa M. & Troy R. Chick for a distance of 49.38 feet to a point;

Thence running N 07° 33' 19" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 74.94 feet to a point;

Thence running N 02° 59' 00" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 62.22 feet to a point;

Thence running N 09° 34' 09" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 33.89 feet to a point;

Thence running N 02° 42' 52" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 52.82 feet to a point;

Thence running N 08° 25' 52" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 86.30 feet to a point;

Thence running N 01° 25' 58" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 62.77 feet to a point;

Thence running N 05° 52' 35" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 34.36 feet to a point;

Thence running N 27° 54' 59" W by and along the centerline of a stonewall and the easterly line of lands of said Teresa M. & Troy R. Chick for a distance of 14.35 feet to an iron pipe recovered in the corner of stonewalls, said iron pipe being the northeasterly corner of the lands of said Delmac, LLC, which is more particularly depicted on the herein referenced survey plan;

Thence running N 86° 04' 50" W by and along the centerline of a stonewall and the northerly line of lands of said Teresa M. & Troy R. Chick for a distance of 150.93 feet to a point;

Thence running S 89° 51' 01" W by and along the centerline of a stonewall and the northerly line of lands of said Teresa M. & Troy R. Chick for a distance of 160.41 feet to an iron pipe recovered at the end of the stonewall;

Thence running N 87° 55' 56" W along the northerly line of lands of said Teresa M. & Troy R. Chick for a distance of 166.23 feet to an iron pipe recovered in the easterly highway line of Connecticut Route No. 164, said iron pipe being the northwesterly corner of the lands of said Teresa M. & Troy R. Chick and the southwesterly corner of the herein described parcel, which is more particularly depicted on the herein referenced survey plan;

Thence running N 07° 50' 15" E along the easterly highway line of Connecticut Route No. 164 for a distance of 76.69 feet to a CHD monument recovered;

Thence running N 06° 57' 04" W along the easterly highway line of said Connecticut Route No. 164 for a distance of 225.27 feet to a point;

Thence running N 89° 15' 50" E along the southerly highway line of said Connecticut Route No. 164 for a distance of 6.64 feet to a CHD monument recovered;

Thence running N 05° 30' 05" W along the easterly highway line of said Connecticut Route No. 164 for a distance of 101.02 feet to a CHD monument recovered and the point and place of beginning.

Said parcel contains 27.368 acres of land, be it the same more or less, and is depicted on a survey plan prepared by Robert F. Beaman, L.S. of McFarland-Johnson, Inc. entitled: "Existing Conditions Plan – Proposed Hotel Site – Preston Road (Connecticut Route 164) – Griswold, Connecticut", Scale 1 Inch = 100 Feet, Dated: January 30, 2006, Project No. 16625.00, Sheet: C 3.0